Westbrook Coal Company, Appellant, *v.* Hudson Coal Company.

Argued April 10, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused June 29, 1945.

*Otto P. Robinson,* for appellant.

*Rudolph S. Houck,* with him *Francis D. Mahon,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, May 21, 1945:
This is an appeal from a decree entered in response to a petition for a declaratory judgment. After answer filed, all pertinent facts were agreed to by stipulation.

The defendant on September 17, 1928, leased to the plaintiff for $51,000, for "the term of eleven years from September 1, 1928," and thereafter for an added term of five years "if the lessee shall be unable to remove all the coal herein and hereby leased during the aforesaid term all the remaining coal on the top and bottom coal beds (sometimes known as the top and bottom splits of the Clark bed) in, under and upon" 84 acres of land in Carbondale Township, Lackawanna County, Pennsylvania. The lease also included certain surface privileges.

On February 28, 1944, defendant notified the plaintiff to yield possession of the property leased. At that date there remained unmined on and in the premises 150,000 tons of Clark Vein coal.

The petition asked the court to declare that "the plaintiff is the owner of all the remaining coal . . . underlying the 84.52 acres" of the land described and that plaintiff's "right to mine . . . the same does not terminate on the 31st day of August, 1944". It is the contention of the plaintiff that the lease which created all the plaintiff's rights to the premises was "a sale and conveyance of the said coal in place to the plaintiff", and gave the plaintiff the same right to remove the coal after the end of the stipulated term as it had during the term. This contention was properly rejected by the court below.

The law applicable to leases of coal, whether for a term of years or until the coal in the tract leased is exhausted, was fully set forth and discussed in *Smith v. Glen Alden Coal Co. et al.*, 347 Pa. 290, 32 A. 2d 227. Applying the principles of that decision to the instant case, The Hudson Coal Company, when on September 17, 1928, it leased "all the coal in the top and bottom splits of the Clark Bed", *retained* the *possibility* of having a future estate in the coal so "leased", provided it was not all mined during the period of the lease. Upon the lease's termination the lessor became re-vested with its former estate in whatever coal remained. What we said in the *Smith case*, supra, is applicable here.

"After the testator delivered this lease his only interest in the coal was a possibility of reverter, and this 'is not an estate, present or future, but merely a possibility of having a future estate' in that coal. 'In the case of a base or qualified fee expiring by its own contingent limitation, it is a right to have the fee simple in possession contingent upon the determination of the fee defeasible. In the case of a fee limited upon a con-

dition subsequent, it is a contingent right of re-entry upon condition broken."

The decree is affirmed at appellant's cost.